ABIEL LEONARD, Respondent, v. THE CHICAGO & ALTON RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, March 26, 1894.

1. **Pleading**: PETITION ON CONTRACT OF AFFREIGHTMENT: DELAY: VARIANCE. While the amended petition in this case is not as specific as to what was the negligence complained of, yet it does sufficiently appear that unnecessary delay in the transportation is the ground of complaint; and it is sufficient as the defendant pleaded thereto; and it is further *held*, that there is no variance between the contract and the pleading.

2. **Common Carriers**: CONTRACT FOR AFFREIGHTMENT ON LIVE STOCK: EVIDENCE: NEGLIGENCE. By its contract defendant provided against its liability for loss or damage after it had delivered the cars containing the cattle on the tracks of the stock yards company at Chicago. Its trainmen ran the switch engine over the tracks of the stock yards company and the evidence tended to show that the delay complained of occurred on the tracks of the stock yards company. Defendant was not entitled to an instruction unconditionally exempting it from liability for such delay and such instruction was properly qualified by inserting, unless such delay was caused by the negligence of the defendant or its servants.

3. ———: INSTRUCTION: DELAY. The giving and refusing of instruction is reviewed and the action of the trial court *approved*.

4. ———: CONTRACT OF THE AFFREIGHTMENT OF LIVE STOCK: CONSTRUCTION. The court adheres to its former construction of the contract of affreightment in this case as reported, 54 Mo. App. 293.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Boyd & Murrell* for appellant.

(1) The court erred in permitting the written con-tract to be read in evidence under the plaintiff's amended petition. The contract as charged in the petition was a contract to deliver in a reasonable time, and it was necessary, in order to show a breach of said contract, for the proof to show a delay beyond the usual time for making shipments of cattle from Mt. Leonard to Chicago and to show in addition thereto that such delay was caused unnecessarily and by defendant's negligence. See Hutchinson on Carriers, secs. 328, 329, 330; *Witting v. Railroad*, 101 Mo. 631; *Flynn v. Railroad*, 43 Mo. App. 441; Sutherland on Damages, sec. 903. The true issue in a suit for failure to com-plete a shipment within a reasonable length of time is, was there any delay, and, if so, was the delay unneces-sary or unreasonable; and such delay would be excused by accident or by delay necessary for safety. Under the contract offered and read as evidence (and the only evidence of the contract between plaintiff and defend-ant), the time in which the shipment was to be made was fixed by the contract itself, there could be under it no issue as to negligence and no explanation for delay; the only questions necessary to determine being, whether the shipment was made within the time and the consequent damages. Hutchinson on Carriers, secs. 317, 318, 319; 2 Am. and Eng. Encyclopedia of Law, p. 841; 3 Sutherland on Damages, sec. 903. (2) Appellant insists that the contract read in evidence did not tend to support the allegations of the petition, and being an entirely different contract was not admis-sible in evidence. Plaintiff cannot sue on one contract and recover on another and different one. *Dougherty v. Matthews*, 35 Mo. 520; *Baldwin v. Whaley*, 78 Mo. 186; *Reed v. Bott*, 100 Mo. 62; *Kneale v. Price*, 29 Mo.

App. 232; *Lewis v. Slack*, 27 Mo. App. 119; *Bobb v. Bobb*, 89 Mo. 413. The contract read in evidence was a contract for forwarding to stock yards from a point at which defendant's tracks connected with stock yards tracks with a stipulation that defendant was not to be liable beyond its own tracks and was not admissible under the allegation of plaintiff's petition to the effect that defendant contracted to deliver at stock yards. *Dunbar v. Railroad*, 36 S. C. 110; s. c., 31 Am. St. Rep. 861; *Nines v. Railroad*, 107 Mo. 475; *Halliday v. St. Louis*, 74 Mo. 159. (3) There is no delay referred to in the evidence that is not mentioned and explained by plaintiff's own witnesses and shown by them to have been for safety—and necessary and reasonable. The evidence as to decline in the market was not sufficient to show any decline. No witness was able to state the value of the cattle on either day. The demurrer should have been sustained. *Smith v. Railroad*, 113 Mo. 79; *Weber v. Railroad*, 100 Mo. 194; 3 Sutherland on Damages, sec. 903, p. 2049; *Witting v. Railroad*, 28 Mo. App. 103; s. c., 101 Mo. 631; *Hance v. Ex. Co.*, 48 Mo. App. 184; *Flynn v. Railroad*, 43 Mo. App. 441; *Clark v. Railroad*, 36 Mo. 202; *Boland v. Railroad*, 36 Mo. 484. The plaintiff's evidence further showed that the time occupied in the transportation of the cattle was less than the time agreed upon. (4) The court erred in admitting evidence of delay after the cattle had been placed on the tracks of the stock yards company. See *Nines v. Railroad, supra; Dimmitt v. Railroad*, 103 Mo. 433. The court erred in refusing the eighth and the eleventh instructions asked by the defendant. Under the contract defendant was not liable for any delay that occurred on said connecting tracks. *Nines v. Railroad, supra; Dimmitt v. Railroad, supra.* Defendant was entitled to an instruction on his theory of the case. Instructions should apply

to the theory of both parties, and should be so framed as to present the case to the jury on all the evidence and not on a partial view of it. *Longuemare v. Busby*, 56 Mo. 540; *Brownfield v. Ins. Co.*, 26 Mo. App. 390; *Fitzgerald v. Hayward*, 50 Mo. 516. (5) The court ought to have given the peremptory instruction asked by defendant at the close of all the testimony. Taking the testimony in all, it showed no unnecessary delay, but on the contrary that every delay shown was necessary for the safety of the train and stock. It also showed no damage to plaintiff by reason of any decline in market.

*Leslie Orear* and *Alf. F. Rector* for respondent.

(1) The petition was properly amended as conforming to the suggestions of this court on the former appeal of this case; the same proof was required to support its allegations as in the original petition. And, again, after a motion to strike out a pleading has been overruled, and defendant abandons the motion by answering over, he cannot insist upon it on appeal. *Holt County v. Cannon*, 114 Mo. 519; *Robinson v. Railroad*, 21 Mo. App. 633. (2) Appellant misconstrues the terms of the written contract of shipment read in evidence. It is not a contract to complete the shipment in a special time, but in a reasonable time; such a contract as appellant contends for could have been made between the parties, but was not in fact made; the authorities cited by appellant are not applicable to the contract of shipment here. *Leonard v. Railroad*, 54 Mo. App. 293. It therefore follows that the written contract read in evidence sustains the allegations of the petition as to the time when said transportation should be completed. (3) By the terms of the contract of shipment the defendant is liable for all damages resulting from neg-

ligent delay, notwithstanding the contract releases defendant from loss arising from delays not the result of negligence. *Leonard v. Railroad, supra; Douglass v. Railroad*, K. C. Ct. App. (not reported); s. c., 2 Mo. Legal News, p. 559; *Dawson v. Railroad*, 79 Mo. 296; Hutchinson on Carriers, sec. 328. (4) There was no connecting carrier in this case. The defendant was the active agent in beginning and completing the transportation of plaintiff's cattle from Mt. Leonard to Chicago, and by its own agents and servants unloaded the cattle at the Union Stock Yards, and there was no further carriage after defendant's agents and servants unloaded the cattle. The tracks to Union Stock Yards are used by the defendant as a mere instrument or incident to the delivery. The terminus of defendant's carriage was at that place. Hutchinson on Carriers, sec. 157 *a; Railroad v. Cotton Mills*, 81 Ga. 522; *Nanson v. Jacob*, 12 Mo. App. 127, 128. It is not pleaded in the answer that the Union Stock Yards and Transit Co., is a connecting carrier, and there is not a *scintilla* of evidence tending to show that it is. The evidence shows the contrary. (5) The loss or damages from which the defendant seeks to exempt itself by the sixth clause of the contract of shipment, is not the damages sued for. The damages named in the sixth clause of the contract are such as are injuries to the stock itself and not damages accruing to plaintiff for loss of market; no other damages than for loss of market are claimed in the petition, and no other are included in the judgment appealed from. *Leonard v. Railroad, supra; Sisson v. Railroad*, 90 Am. Dec. 252. (6) Whether there was any evidence tending to show negligence is for the court, and the sufficiency of the evidence is for the jury. (7) While respondent does not concede that the amended petition in this case is open to the objection urged against it by appellant, as

charging negligence in too general terms, still if there was such vice in it, it is cured after an answer, and a judgment would not be arrested on that account. This point is well decided by our supreme court. *Foster v. Railroad*, 115 Mo. 177.

ELLISON, J.—This action is for damages, as is alleged, by the defendant's negligent delay of plaintiff's cattle while in transit from Mt. Leonard, Saline county, Missouri, to Chicago, Illinois, whereby plaintiff was compelled to sell on a lower market than he would have sold on had there been no negligent delay by defendant. Judgment was for plaintiff.

The case was before us about a year ago and is reported in 54 Mo. App. 293, where will be found a full statement of the facts which gave rise to the litigation.

On the return of the case to the trial court plaintiff amended his petition in order that it might more nearly conform to the view of this court as expressed in the opinion referred to. The amendment was properly made. While the amended petition is not as specific in its charge of negligence, or rather as to what was the negligence complained of, yet it does sufficiently appear that unnecessary delay in the transportation is the ground of complaint. We consider the petition as quite sufficient, since defendant took issue therewith by filing an answer thereto. *Foster v. Railroad*, 115 Mo. 177.

There was evidence the tendency of which was to prove that defendant ran special or extra live stock trains through from points in Saline county, Missouri, to Chicago, Illinois, and that they customarily made the run in from 20 to 24 hours and in time for the market of the day following the shipment. There was also evidence tending to show unnecessary and negligent delay in running and operating the train upon which

plaintiff's cattle were loaded, in consequence of which the cattle failed to arrive in time for the market of the day following their shipment.

Defendant calls to our attention a provision in the contract of shipment which provides that when the defendant delivered the cars containing the cattle on the tracks of the Stock Yards Company at Chicago, all liability on defendant's part for loss or damage which might thereafter arise from any cause whatever should cease.   The evidence tended to show that defendants had no station of its own at Chicago for the purpose, or suited to the purpose, of unloading cattle, and that, for the purpose of getting live stock to the stock yards where chutes and pens were provided for the unloading of cattle, defendant ran its trains over the track of the stock yards company; that they used their own trainmen for this purpose, using one of defendant's switch engines; and in this instance there was evidence tending to show delay while on the tracks of the stock yards company.   On this subject the defendant asked an instruction literally covering the exemption for loss or damage from any cause, as provided for in the contract.   The court refused the instruction in such broad terms, but gave it by inserting therein a qualification as to defendant's negligence.   In thus amending the instruction the court acted correctly.   The train was defendant's train and was managed by defendant's train crew.   If, therefore, the defendant or its servants were guilty of any negligence which caused delay on the stock yards track, defendant should not be excused for it, notwithstanding the contract.   The instruction, as amended, made no mention or reference to the negligence of any one connected with the stock yards.

We have noted defendant's point as to a variance between the petition and plaintiff's proof as to the point of destination of the cattle shipped and believe it

to be untenable.

We are also of the opinion that instructions numbers 8 and 11, of the refusal of which defendant makes complaint, were properly refused. Number 8, was not justified by the evidence, since that showed this train was under the control and management of defendant's servants while on the stock yards track. We do not consider that the testimony of witness Tracy contradicts this. Number 11, amounted to a direction to find for the defendant, if the delay occurred on the stock yards track without regard to whether the delay was occasioned by defendant's negligence.

The provision of the contract noticed and construed when the case was here before concerning the time within which the transportation should be made, is again earnestly pressed upon our attention by counsel for defendant. After a further consideration of that clause of the contract, we have not been able to bring ourselves to conclude that the view we before expressed is erroneous. The contract provides that "the schedule time of freight trains on the time card of said company, in force at this date, with 12 hours added thereto, and not including time lost by stops for feed, water, rest, or for proper and humane care of any live stock carried in the same train, is a reasonable time for the transportation of said stock under this contract, and if the stock shall be transported within that time, the second party agrees not to make any claim for damages from delay in transit and that the said first party shall not be liable therefor." We do not care to amplify what we stated in this connection on this subject when the cause was here before and will content ourselves with the mere statement of our adherence to what we there said.

There are other points made by counsel against the action of the trial court, some of which are included

within what we have already said.    But a full consideration of the entire case has satisfied us that there has been no error committed affecting the rights of the parties and we hence affirm the judgment.    All concur.