GEO. B. BLANCHARD, Respondent, v. THE CHICAGO & ALTON RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 14, 1895.

1. **Common Carrier:** CONSTRUCTION OF CONTRACT: LAW. The provision in a contract for the shipment of live stock that a certain time was a reasonable time and that if the stock was transported within

such time the shipper would make no claim for damages for delay in transit, is *held*, to be a contract to transport to destination neither *at* nor *within* a fixed time; but was a contract that if the stock was transported within the time specified, the carrier should not be liable for damages caused by delay provided, as the law itself stipulates, that such delay did not arise from defendant's negligence, *following Leonard v. Railroad*, 54 Mo. App. 293, and 57 Mo. App. 366.

2. ———: DESTINATION: STOCK YARDS: INSTRUCTIONS. *Held*, on the evidence in this case that the defendant's liability for reasonable diligence in delivering the cattle did not terminate when they delivered the cars containing the cattle upon the Union Stock Yards tracks to to which they were consigned. Several refused instructions are examined and their vices pointed out.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Boyd & Murrell* for appellant,

(1)    It is submitted that the words in said clause, "schedule time of freight trains on the time card of said first party in force at this date and twelve hours added" must, under the rules for interpretation, be given some meaning, and that the parties understood at the time and intended them to mean "forty-four hours and ten minutes," and that, therefore, the contract provided a specific time within which the transportation was to be made, and the plaintiff's cattle having been transported within that time, as shown by the evidence beyond all question, the plaintiff could not recover and the peremptory instruction asked by defendant should have been given. For rules of construction, see Bishop on Contracts, secs. 381, 384 and 371.    (2) "But the question of reasonableness of time disappears when the parties have made their time certain by agreement; then it must be strictly adhered to."    2 Parsons on Contracts, top of page 185; Hutchison on Carriers, sec.

317; 2 Am. & Eng. Encyclopedia of Law, 841; Angel on Carriers, sec. 294; *Wood v. Railroad*, 68 Iowa; Story on Contracts, sec. 971; *Collier v. Sweeny*, 16 Mo. 484; *Harrison v. Railroad*, 78 Mo. 364; *White v. Railroad*, 19 Mo. App. 409; *Gees v. Williams*, 27 Am. Dec. 631; *Matthews v. Dauchy*, 26 Mo. App. 660; *Jas. T. Hair Co. v. Walmsley*, 37 Mo. App. 376; *Bldg. Ass'n, v. Kleinhoffer*, 40 Mo. App. 395; *Edwards v. Smith*, 63 Mo. 126; Bishop on Contracts, secs. 372, 373, 380, 381, 382; 2 Parsons on Contracts, top page, 547, 549, 564; *Palmer v. Farrell*, 15 Am. St. Rep. 709 and notes; Best's Prin. of Evidence, p. 229 and note; *Lumber Co. v. Warner*, 93 Mo. 374; *Evans v. Mfg. Co.*, 118 Mo. 551; *State ex rel. v. Horham*, 98 Mo. 358; *Jones v. Wright*, 90 Mo. 307; *Harding v. Wright*, 119 Mo. 8 and 9. (3) This suit being for delay in transit, the only questions to be considered or that can be properly considered are these: Was the stock transported within the time agreed upon, and if not, what was the subsequent damages. See Hutchinson on Carriers, sec. 4, p. 6, and secs. 271, 208, 170. (4) The evidence tended also to show that said cattle were so delivered in ample time for the market of the eighteenth of November, and the question as to whether they were afterwards delayed and the plaintiff damaged by the subsequent delay and not by a delay on plaintiff's road was—in any view of the contract—in relation to time of delivery —a question that should have been submitted as asked by said instructions 4, 5, 6 and 7. *Nines v. Railroad*, 107 Mo. 475; *Hance v. Railroad*, 56 Mo. App. 482; *Dimmitt v. Railroad*, 103 Mo. 433; *Patterson v. Railroad*, 56 Mo. 660.

*Alf. F. Rector* and *Leslie Orear* for respondent.

(1) The fifth clause of the contract of shipment in this case is not a contract to deliver in a specified time

but in a reasonable time. It was within the power of the parties to contract for delivery in a specified and certain time, but such a contract was not in fact made, and was not intended by the parties to be made. The authorities cited by appellant all relate to contracts of an entirely different character from that sued on; they are wholly inapplicable to this case. Hutchinson on Carriers, sec. 328; *Leonard v. Railroad*, 54 Mo. App. 293; s. c., 57 Mo. App. 366. Applying all the familiar rules of construction to the provisions of this clause of the contract of shipment, it develops that, there was no certainty as to the time to be employed by defendant in transporting plaintiff's cattle. It left the performance of the contract at the convenience of the carrier which the law does not countenance, as it has universally been held that such provisions in a contract are unreasonable and against public policy. 2 Am. and Eng. Encyclopedia, p. 850, note 3; *Branch v. Railroad*, 88 N. C. 573. (2) A common carrier can not be allowed to contract so as to be safely negligent, for any time, however short. A carrier should not be allowed, under any circumstances, to be negligent with impunity. *Leonard v. Railroad*, 54 Mo. App. 293; *Rosenfeld v. Railroad*, 103 Ind. 123; *Douglass v. Railroad*, 53 Mo. App. 473. (3) The terminus of defendant's carriage was at the unloading chutes. Hutchinson on Carriers, sec. 157a; *Railroad v. Cotton Mills*, 81 Ga. 502; *Nanson v. Jacob*, 12 Mo. App. 127, 128; *Leonard v. Railroad*, 54 Mo. App. 293; s. c., 57 Mo. App. 366.

ELLISON, J.—This is an action for damages alleged by plaintiff to have been caused by defendant's negligent delay in the transportation of cattle which he had shipped from Saline county, Missouri, to Chicago, Illinois, which resulted in the cattle failing to go upon the market of the next day after they were shipped,

and, in consequence, a loss to plaintiff. There was a judgment for plaintiff.

The shipment was made under a shipping contract like the one considered by us in Leonard against this defendant, reported in 54 Mo. App. 293 and 57 Mo. App. 366. Our construction of the fifth clause of the shipping contract is again complained of and we again set it out for further consideration. It is as follows:

"*Fifth.* The second party further agrees that from the time when the train containing the stock actually starts from the place of shipment, the schedule time of freight trains on the time card of said first party, in force at this date, with twelve hours added thereto, and not including time lost by stops for feed, water, rest, or for proper and humane care of any live stock carried in the same train, is a reasonable time for the transportation of said stock under this contract, and if the stock shall be tranported within that time, the second party agrees not to make any claims for damages from delay in transit, and that the first party shall not be liable therefor."

The defendant contends now that this is a contract to transport in a specified time, and that no question of negligence on defendant's part can arise in the case. We do not regard this as the proper interpretation of the clause, either from its reading or its meaning. As we have before stated, the contract is not an agreement to deliver the stock at Chicago at a specified time. The contract first declares what length of time is a reasonable time, and then proceeds to declare that "if the stock shall be transported *within that time*, the second party agrees not to make any claims for damages from *delay* in transit, and that the first party shall not be liable therefor." So, as we said in the *Leonard case*, the provision that a certain time was a reasonable time, is not a provision that the cattle would be transported,

or delivered, on that certain time. But it is counsels' contention, when considered as a whole — indeed, it directly appears from portions of the brief—that the contract was to deliver within the time which was named as a reasonable time, and that since the evidence showed that defendant did deliver within that time, it performed its undertaking. But such is not the contract. The contract is not that the defendant *will* transport within the time referred to; but it is that, "if the stock shall be transported within that time," the plaintiff agrees not to make a claim "for damages from *delay in transit.*" It is thus perfectly apparent that the contract was neither to transport to destination *at* a fixed time, nor *within* a fixed time. But the contract was that if the stock should be transported to the Chicago market within the time specified, defendant would not be liable for damages caused by delay. And the *law itself adds this further stipulation,* viz: provided, that such delay does not arise from defendant's negligence.

The schedule time and twelve hours added was shown to be forty-four hours and ten minutes, being from eighteen to twenty hours more time than defendant customarily used in reaching the Chicago market from Saline county, with live stock; thus making the difference, if that time be taken, of a full market day. Is it reasonable to say that defendant, without just cause, may, by willful negligence and total indifference to results, delay live stock destined for market, without being liable to the party whose interests have, as a consequence, been partially, or possibly wholly, ruined?

2. Defendant interposes an additional objection to the judgment, based upon an additional provision of the contract of shipment, whereby it was stipulated that, if the cattle were consigned to the Union Stock

Yards, the tracks of which connect with the tracks of defendant, defendant's liability should cease when it delivered the cars containing the cattle upon the tracks of the stock yards, and that defendant should not be liable for any loss or damage which might thereafter arise.

The evidence showed this connection of tracks occurred at a place called Brighton Park, a place about three miles from the stock yards, and that when cattle were consigned to the stock yards, the defendant always delivered them there at its chutes. The evidence further showed that the stock was taken upon and over such tracks by defendant's engine, cars and crew, though defendant only entered upon the stock yards tracks on a signal from the "stock yards people." There was also evidence tending to show that there was delay of the stock before reaching or entering the stock yards tracks (there was some delay of plaintiff's care in order to couple them with other cars and take them to the stock yards together), and also after entering upon such tracks. Defendant asked several instructions based on the foregoing provision of the contract, which were refused, and, we think, properly refused. They each direct a verdict for defendant without reference to whether the delay was caused by the fault of defendant. The first one on this subject directs a verdict for defendant, if the cattle were merely placed upon the stock yards tracks in time to have been put upon the market of that day. And so the same be said of the third. The fourth would lead the jury to believe that all liability of the defendant was to cease after the cars were put upon the stock yards tracks. The second leaves out of view any negligence or fault of defendant.

It is thus made unnecessary to decide, aside from the foregoing considerations, whether defendant is in a

position to ask that it be absolved from liability for negligent delay of stock while on the stock yards track, after it has contracted to deliver them at Chicago, such track, perhaps, not being that of a connecting carrier, since the defendant still carries them without charge and delivers them at its chutes, at the yards, where it keeps an agent. The shipper, it seems, has no privity or connection with the stock yards, as regards the shipment. It is true the stock yards' employees unload the cars at the chutes, but for this it is paid by defendant. Whether this stock yards track matter is merely a piece of track used by defendant in the transaction of its live stock business (and without which, in all probability, it would have no business in that line), whereby it carries out the evident object and intent of the contracting parties, as explained in the *Leonard case, supra,* is, as before stated, a matter about which it is unnecessary to express an opinion. We have not discovered any point made by defendant which we believe would justify us in disturbing the judgment and it is accordingly affirmed. All concur.