ELIZABETH J. BENHAM, Respondent, v. W. R. TAYLOR, Appellant.

### St. Louis Court of Appeals, April 21, 1896.

1. **Negligence**: SUFFICIENCY OF PETITION: OBJECTION AT TRIAL. A petition for damages for injuries resulting from alleged negligence should advise the defendant of the particular negligence complained of, so that he may know against what he is called upon to defend himself; but, when this is done, the petition is not defective although it does so in general terms. And a petition, when objected to for the first time at the trial, will be upheld if it states a cause of action, although it might with propriety have been adjudged insufficient on written demurrer or motion.

2. ———: MASTER AND SERVANT: KNOWLEDGE BY SERVANT OF INSUFFICIENCY OF APPLIANCES. The mere fact that a servant knew of the insufficiency of appliances will not debar him from recovering for injuries resulting from such insufficiency, when it might reasonably have been supposed that the appliance could with care and caution be safely used. But, when the danger is so obvious that the servant could not help understanding it fully, his continuance in the employment constitutes a voluntary assumption of the additional risk, and he can·not recover.

3. **Instructions**: CURING OF OMISSION IN ONE BY READING ALL TOGETHER. Instructions must be read together, and the giving of an incomplete instruction is not reversible error if its deficiences are supplied by another and the instructions are not inconsistent. And *held*, under this rule, that an apparent assumption of matters in issue by one of the instructions in this cause, resulting from the omission therein of the hypothetical beginning ordinarily used in instructions, was thus cured.

*Appeal from the St. Francois Circuit Court.*—HON. JAMES D. FOX, Judge.

AFFIRMED.

*M. R. Smith* and *Merrill Pipkin* for appellant.

*J. N. & Jerry B. Burks* and *E. A. Rozier* for respondent.

ROMBAUER, P. J.—The plaintiff is the widow of Samuel P. Benham, and charges in her petition that the latter met his death owing to injuries received while an employee of defendant in defendant's mine, and that such injuries were caused by his coming into contact with a mineral car in the mine, and as a result of defendant's failure to furnish its employees reasonably safe appliances, facilities and machinery, for the purpose of ascending and descending in the mine.

The answer denies any negligence on part of the defendant, and sets up the contributory negligence on the part of plaintiff's husband in bar of her recovery. The answer further states that the injuries received by the plaintiff's husband were not severe, and did not in the remotest way tend to cause his death, but that the same was due to the negligence, misconduct and bad treatment, on part of the medical attendants of plaintiff's husband.

The cause was tried by a jury, who found a verdict for the plaintiff. From a judgment entered on this verdict the defendant appeals, and he assigns for error that the petition fails to state facts sufficient to constitute a cause of action, also the refusal of the court to withdraw the case from the consideration of the jury, and the ruling of the court on instructions given and refused.

The plaintiff's evidence tended to show the following facts: Her husband was a miner in the defendant's employ. The mine consisted of a shaft three hundred feet deep, from the bottom of which an incline was run from two hundred to three hundred feet in length. Along this incline a rail car track was laid, on which cars were moved by a cable operated by steam power. On the incline near its terminus was a sump on one side of the track, and two pumps covered by planks on the other side, the space between the

sump and the pumps being barely wide enough to permit the passage of the car along the incline. On the day of the accident plaintiff's husband was employed in the lowest part of the mine, and was ordered by the foreman to get a piece of railroad iron which lay on the side of the incline a considerable distance above the sump. He got it and was descending on the incline walking along the track with the rail on his shoulder, and had reached a place between the pumps and sump, when he became aware that the car had been started from the bottom of the incline and was coming rapidly toward him. He attempted to step upon the pumps so as to get out of the way of the car, when his foot slipped and he fell back on the track. The car came into violent contact with his body, which caused him the injuries from which he subsequently died.

The injuries received by the plaintiff's husband were severe contusions, although no bones were broken. A few days after the accident pus gathered in the wounds, and sometime thereafter blood poisoning set in. Death occurred about six weeks after the accident. The plaintiff's evidence tended to show that her husband received careful attention medically and otherwise, and such antiseptic treatment as the circumstances permitted, and that death was the probable cause of the injuries received. The defendant's evidence tended to show that the contusions were not sufficiently serious to be the direct cause of death, but that death resulted from the omission of antiseptic safeguards.

The verdict was for $1,500. As the plaintiff's husband at the date of his death was only forty years old, and was shown to be otherwise healthy, the amount of the verdict indicated that the jury could not have been actuated by prejudice or passion.

The first objection urged is to the sufficiency of the

petition. The petition was not demurred to, nor was any motion filed to make it more definite and certain. The objection was first made by objecting upon the trial to all evidence offered in its support. The petition charges that the passageway where the injury occurred was defectively constructed, and that the defendant knew of such defects. It also charges that, while the plaintiff's husband was passing on it in the course of his employment, he received the injuries of which he died by being struck down by a passing mineral car, and it concludes that his death was occasioned by the negligence and carelessness of the defendant herein. We held in *Wills v. Railroad*, 44 Mo. App. 51, that the petition should advise the defendant of the particular negligence complained of, so that he may know what he is called upon to defend against, but, when this is done, the petition is not defective although it does so in general terms. This view was sanctioned by all the judges of the supreme court in *Foster v. Railroad*, 115 Mo. 165, which we take to be the last controlling decision on that subject. The petition in this case is somewhat indefinite both in charging the negligence, and connecting it with the injury complained of, but we are not prepared to say that it omits any essential averment of a right of recovery. It must be borne, in mind that there is a well recognized difference between objections made to a petition by motion or demurrer, and objections made to it for the first time upon the trial. If, in the latter case, the petition states any cause of action it should be upheld, although it might have been with propriety adjudged insufficient upon written demurrer or motion. *Young v. Shickle Iron Company*, 103 Mo. 324; *Leonard v. Railroad*, 57 Mo. App. 366.

The next error complained of by the defendant is the refusal of the court to instruct the jury that the

plaintiff could not recover. The argument on that point is twofold: *First*, that the passway on which the plaintiff's husband was injured was reasonably safe, and, even if it was not, the danger was an obvious and not a hidden danger, and hence the plaintiff's husband assumed it as a risk of his employment; *next*, that the plaintiff's husband was shown by the evidence to have been an experienced miner, familiar with the incline and its surroundings, and must have known, in descending the incline, that the car might be started from the bottom at any time, and hence was guilty of such contributory negligence in failing to avoid the danger of an encounter, as should debar a recovery as a matter of law.

The law in this state has been, and is to-day, that the mere fact that the servant knew of the insufficiency of appliances will not debar him of recovery for injuries received as a result of such insufficiency, where it is reasonable to suppose the appliances may be safely used by the use of care and caution. *Hamilton v. Rich Hill Mining Company*, 108 Mo. 364; *O'Mellia v. Railroad*, 115 Mo. 205; *Swadley v. Railroad*, 118 Mo. 268. When the danger is of a character so obvious that the servant could not help to fully understand it, his continuance in the employment is the voluntary assumption of the additional risk, and he can not recover for the injury received. *Fugler v. Bothe*, 117 Mo. 475. Whether the facts of this case bring it within the first or second class is the question presented for our consideration.

Two things must be considered in this connection: *First*, that the place where the accident occurred was continuously dark; *next*, that there was no danger whatever in passing down this incline at any time except at the place where this collision occurred, since at other places there was ample room to step off if any

person descending the incline became aware of an approaching car. At this particular place, as the plaintiff's evidence shows, persons using the incline as a passway were confined to the track. The plaintiff's husband, therefore, might have passed along this track any number of times without having his attention specially called to the danger at this point, as all the evidence concedes that people using the incline as a passway used the track all along, owing to the fact that the outside of the track was covered by debris, which rendered the use of it for a passway impracticable. Under these circumstances we would not be justified in holding that the danger was so obvious that plaintiff's husband as a matter of law assumed the risk incident thereto.

Nor can we hold as a matter of law that plaintiff's husband, under the facts shown, was guilty of such contributory negligence as would debar her recovery. He left in obedience to the order of his superior. He was returning in a short time on the usual path for returning. He might have assumed that no car would be started while he was absent on his short journey. Whether he saw, when he approached the dangerous place, that a car was about to be started is, under the testimony, left in doubt, and the plaintiff's testimony is to the effect that, as soon as he heard the word given for starting the car, he took immediate measures to place himself into a position of safety. The inference of contributory negligence is therefore not unavoidable, and it is only in cases where it is unavoidable that courts are justified in withdrawing a case from the consideration of the jury.

The defendant complains of the fourth instruction given for plaintiff, which is as follows:

"The court instructs the jury that the defendant, through his vice principal, having ordered deceased to

go through the incline and bring a bar of railroad iron, and that such work placed deceased in a dangerous position, yet, unless such danger was so obvious and apparent that no prudent man would have obeyed the order; and deceased, in obeying such order, exercised reasonable care and caution, and without his fault received the injuries that caused his death, plaintiff is entitled to recover such damages as the jury may find she has sustained by reason of the loss of her husband; such damages, however, not to exceed the sum of $5,000.''

The objection to this instruction is that it assumes that the place was dangerous into which plaintiff's husband was ordered, and further because it fails to submit to the jury's finding the question of defendant's negligence.    The instruction is unquestionably erroneous in both particulars, and, if standing alone, it would necessitate a reversal of the judgment.    It was intended to address itself to the contributory negligence of plaintiff's husband, and set out facts in avoidance of its necessary inference, but its main vice is that it omits the usual premise, ''although the jury may find,'' etc.    Reading it together, however, with the other instructions given at the instance of both parties, it becomes evident that such a premise was necessarily implied, as many of these instructions emphasize the proposition that in the absence of negligence on part of the defendant there could be no recovery in the present action.    Thus the court, at defendant's instance, instructed the jury that they must find for defendant, unless they found from a preponderance of the evidence that he was devoid of ordinary care in failing to provide a safe and sufficient passway, and that the injuries of the deceased resulted *solely* from such negligence.    Under the practice in this state instructions must be read together, and the giving of an incomplete instruction is never reversible error,

if its deficiencies are supplied by another, unless the instructions are irreconcilable or inconsistent.

On the right of recovery, as far as the same was determined by the character of the injuries, the court instructed the jury for plaintiff that, if the injuries received were the immediate and primal cause of death, unskillful treatment was no defense, and for the defendant that, before the plaintiff could recover, she was bound to show that the death of the deceased was the direct result of the injuries received, and not the result of neglect and bad and indifferent medical treatment. As there was a conflict of evidence on that question, the jury's finding on it is conclusive against the defendant. Absolute antiseptic conditions can neither be expected nor demanded in a miner's cabin in a rural district. There was ample evidence that the plaintiff did the best which her circumstances permitted toward the treatment of her husband.

The court, at defendant's instance, gave fourteen instructions covering every phase of the evidence. Some of these instructions are of doubtful propriety as being over favorable to the defendant, and we find that the charge as a whole was one of which the defendant has no right to complain.

All the judges concurring, the judgment is affirmed.