BARNES et al., Respondent, v. COLUMBIA LEAD
COMPANY, Appellant. ·

St. Louis Court of Appeals, May 24, 1904.

1. **APPELLATE PRACTICE: Instruction: Exceptions.** The appellate court will not consider error in giving or refusing instructions, where no exception at the time to the action of the trial court is preserved in the record, although such giving and refusing of instructions were among the grounds contained in defendant's motion for new trial.

2. **PLEADING: Negligence: General Allegation.** In an action against an employer for damages on account of the death of plaintiff's son, an employee, caused by the negligence of the defendant, where the petition alleged that the defendant, a mining company, maintained a shaft and a cage for the purpose of lowering and hoisting its employees, and carelessly permitted an excavation or hole to be maintained around said cage at the top of its shaft, across which the employees must step on entering or leaving the cage; that said hole was dangerous and known to be so to the defendant; that the defendant "carelessly and negligently permitted the escape of steam so as to obstruct the view thereof" whereby the employee, in attempting to enter the cage, stepped into the opening and was killed, the general averments of negligence were sufficient after verdict there being no objection made to the adequacy of the pleading by motion or otherwise.

3. **PARENT AND CHILD: Measure of Damages.** In an action by parents for damages caused by the death of their minor son, the jury were entitled to weigh the probability of his services increasing in value, with the experience obtained and the maturing of his powers, as he advanced towards full age.

4. ————: ————: **Excessive Verdict.** Such damages, however, are strictly compensatory and, where the evidence showed that the plaintiff was earning $1.60 a day as a common laborer and was eighteen years, four and a half months old, a verdict of $3,000 was excessive.

Appeal from St. Francois Circuit Court.—*Hon. R. A. Anthony*, Judge.

AFFIRMED, *si*.

*Merrifield W. Huff* for appellant.

(1)   The damages assessed by the jury are excessive, and indicate that the assessment was the result of prejudice, and the verdict, therefore, should not be allowed to stand.   Sawyer v. Railroad, 37 Mo. 240; Duggan v. Railroad, 46 Mo. App. 266; Parsons v. Railroad, 74 Mo. 299.   (2)   The court erred in admitting evidence, over defendant's objection, as to the obscuration of view by steam, mist, smoke, etc., there being no sufficient allegation of negligence contained in the petition to justify such evidence.   Troth v. Norcross, 111 Mo. 630, 20 S. W. 297; Murdock v. Brown, 16 Mo. App. 549; Wills v. Railroad, 44 Mo. App. 51; Waldhier v. Railroad, 71 Mo. 514; Jacquin v. Cable Co., 57 Mo. App. 331.

*J. N. Burks* and *Jerry B. Burks* for respondents.

(1)   Defendant finds fault in its brief with instructions one and three given at the request of plaintiffs. The insurmountable obstacle to the consideration of error, if any, in plaintiffs' instructions is that no exceptions were saved to the giving of said instructions. State v. Rambo, 95 Mo. 466, 8 S. W. 365; Bray v. Kremp, 113 Mo. 554, 21 S. W. 220; Ritzenger v. Hart, 43 Mo. App. 185; State v. Craig, 79 Mo. App. 418.   (2)   It was not error to show that steam obscured the view of the cage in view of the pleadings which state that "in and about said hole defendant carelessly and negligently permitted the escape of steam so as to obstruct the view thereof"—not simply obstructed, but obstructed by escaping steam.   This was good as a general averment of negligence, and inasmuch as there was no objection by motion or demurrer to this general allegation, the court was justified in permitting the witnesses to testify to these facts.   Schneider v. Railway, 75 Mo. 296; Foster v. Railway, 115 Mo. 165, 21 S. W. 916; Benham v. Tay-

lor, 66 Mo. App. 308; Bell v. Boyd, 66 Mo. App. 140; Leonard v. Railway, 57 Mo. App. 366; Carpenter v. McDavitt & Cottingham, 53 Mo. App. 393.

### STATEMENT.

This action was brought by plaintiffs, as the parents of Lemral Barnes, for recovery of damages by reason of his accidental death while in defendant's employ. The formal preliminary averments were embodied and the statement of the cause of action then proceeded with the following allegations:

"That at the time of the death of the plaintiffs' said son he was in the employ of the defendant, and working under ground in its said mine; that on the fifteenth day of November, 1901, the defendant had and maintained a shaft on the land on which it was mining in said county; that said shaft was very deep, to-wit, of the depth of about five hundred feet; that it had and maintained a cage which it used for the purpose of hoisting mineral out of said shaft and lowering its employees into and hoisting them out of said shaft; that the defendant on said day and for some time previous thereto had neglected and carelessly permitted an excavation, or hole, to be made and suffered to be maintained around said cage at the top of its said shaft, and which said opening so made and maintained was a part of said shaft and was so constructed with reference to the cage then in use as to require the deceased and others entering or leaving said shaft and cage at the surface landing, to step across and over the opening in said shaft which was between said cage and the side of said shaft at the point of the surface landing; and plaintiffs further aver that said hole, or opening, was dangerous and known to be dangerous by the defendant, or it could have known that the same was dangerous by the exercise of reasonable or ordinary care on its part; that in and about said hole defendant carelessly and negligently

permitted the escape of steam so as to obstruct the view thereof; that said Lemral Barnes was in the employ of defendant on or about the fifteenth day of November, 1901, working in said shaft aforesaid, and while in the performance of his duties as employee of defendant, attempted to enter in or upon the cage of the defendant, used for hoisting purposes aforesaid, and used for lowering employees of defendant into said shaft, and without carelessness or negligence on his part and without knowledge on his part of the existence or the condition around said shaft, said Lemral Barnes fell and was precipitated into said hole or opening and down and through said shaft and was thereby instantly killed; that plaintiffs have been deprived of the earnings of their son by reason of his death; that the death of said Lemral Barnes was occasioned by the carelessness or negligence of defendant in having and permitting said opening or excavation to be or remain in and around said shaft and permitting steam to escape in the manner aforesaid.''

The answer of defendant admitted its corporate existence, the employment of deceased, and interposed affirmative pleas of contributory negligence and assumption of risk, particularly averring the prevalence of a rule requiring its employees, excepting those with tools, to descend into the mine by entering the cages at an upper landing, and that deceased had no right to enter the cage from the surface landing, and taking no precautions in such attempt to enter the cage, such facts were the direct cause of his death, and in thus attempting to board the cage at a place where he had no right to be, he assumed the risk incident. The reply coupled a general denial with a plea, that the regulation pleaded, if ever it existed, had been abandoned, and was not observed by defendant. The testimony developed that deceased, a son of the plaintiffs, aged eighteen years, four and one-half months, shortly prior, without their consent, had left the home of his parents, who had at all

times laid claim to his earnings, and entered the service of defendant as a shoveler at $1.60 per day, working at the bottom of the shaft. In going to and from his work, in company with his fellow-laborers, he used one or the other of two cages or elevators operated in a shaft, the one ascending as the other descended; two landings were utilized at the shaft involved, one at the surface, or level of the ground, and one over the shaft, elevated about 12 feet or more, reached by a flight of stairs. There was testimony to establish that the men used the surface landing, whether they had tools or not, if they found the cage at such landing; the proof further indicated that deceased had never worked in a mine before and was but two days in defendant's employ. In boarding the cage at the surface the laborers were obliged to step across a chasm or opening on the north side of the shaft about a foot wide, and in attempting to pass over which and step into the cage about seven o'clock in the morning on his way to work, Barnes fell through to the bottom of the shaft and met his death. There was evidence introduced that the morning of the fatality was misty and foggy and smoke, mist and steam enveloped the shaft, the steam escaping from the shaft and together obscured the view of the surface landing. A verdict for three thousand dollars was returned by the jury from which defendant has appealed.

REYBURN, J. (after stating the facts).—1. Appellant has assailed instructions designated as numbers one and three, given at instance of respondent, and also assigns as error the modification by the court of defendant's own instructions, distinguished as numbers thirteen and fourteen. We are debarred from the consideration of these portions of the charge to the jury, as the record fails to demonstrate that appellant preserved any exceptions to the action of the trial court in these regards. A reference to the record, which is at length

and in complete form, reveals that the defendant objected to the giving of the instructions sought to be criticized, and also requested the instructions identified but without qualification, and objected to the alterations made by the court; the record further discloses, that among the grounds contained in defendant's motion for new trial were incorporated the refusal of the instructions mentioned, and the giving of the instructions objected to, but it is not sufficient to except to instructions in first instance in the motion for a new trial; due exceptions must be taken and saved to the giving and refusing of instructions at the time the court acts upon them. State v. Rambo, 95 Mo. 462, 8 S. W. 365; State v. Craig, 79 Mo. App. 412; Ritzenger v. Hart, 43 Mo. App. 183; State v. Reed, 89 Mo. 168, 1 S. W. 225.

2. The statement of the cause of action, as set forth in the paragraphs quoted from the petition, is impugned, as insufficient to warrant the action of the court in receiving testimony to show that steam escaping from the shaft obstructed the view. While it is true that the petition is silent as to the manner in which such steam was permitted to escape, whence it arose and the extent of the control of defendant over the escaping steam, and it is not charged that it escaped from any negligent location of the machinery or from any defective condition present therein, yet the averments to the effect that the defendant carelessly permitted the escape of steam about the hole, so as to obstruct the view of it, and that the death of plaintiffs' son was attributable to permitting steam to escape in the manner described, were general averments of negligence, and as no objection was made to the adequacy of the pleading by motion or otherwise, it should be adjudged sufficient after verdict and the testimony was properly suffered to be introduced. Foster v. Railway, 115 Mo. 165, 21 S. W. 916; Benham v. Taylor, 66 Mo. App. 308.

3. The jury were restricted by the instruction

upon that branch of the case to assessment of damages at such sum as would be the probable value of the services of the deceased son from date of his death to his majority, less cost of maintenance during the same period. The jury were entitled to weigh the probability of his services increasing in value with experience obtained and the maturing of his physical and mental powers as he advanced toward full age, but the amount of the verdict returned three thousand dollars, can not be upheld upon the most liberal computation, and it is self-evident that the jury was not controlled by the rule embodied by the court for its guidance. The deceased was within two years, seven and one-half months of legal age, and in view of his age and wage-earning capacity, the inference is irresistible that the verdict was the result of prejudice, or more probably, of mistake in its calculation. The damages recoverable in such class of cases are strictly compensatory, and while not capable of exact determination with mathematical accuracy, they should be confined within reasonable limits. Parsons v. Railway, 94 Mo. 286. This verdict far exceeds the amount legally recoverable, but as no other error is discovered in the trial of this case and as the power to order a remittitur in such case is lodged in this court (Chitty v. Railway, 166 Mo. 435, 65 S. W. 959), it is hereby ordered that upon plaintiff's entering a remittitur of $2,000 of the amount of the judgment herein with the clerk of this court, within twenty days from this date, the judgment will be affirmed, otherwise the judgment will be reversed and the cause remanded on the ground that its amount is excessive. All concur.